# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **WENDELL GRIFFIN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 9302 |
| | ) | |
| **MEYER & NJUS P.A.** and **GATEWAY FINANCIAL SERVICES, INC.**, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This Court has just received from counsel for co-defendant Meyer & Njus P.A. ("the Meyer Firm") a notice of presentment on January 26 of the Meyer Firm's Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss Count I of the Complaint brought against it and its co-defendant Gateway Financial Services, Inc. ("Gateway"). In the sort of astonishing manner in which federal judges periodically receive figurative visits from the fabled Prince of Serendip, only yesterday this Court issued a memorandum opinion and order in <u>Mako v. Blatt, Hasenmiller, Leibsker & Moore, LLC</u>, 14 C 9600 that addressed the selfsame legal problem in totally identical circumstances and granted a like motion by the defendant law firm in that case on statute of limitations grounds.

That being so, this Court certainly anticipates granting the Meyer Firm's motion to dismiss Complaint Count I for the very same reason that led to the same result in the <u>Mako</u> case, and a copy of the opinion there is attached as Ex. 1 to this memorandum order. As chance would have it, Gateway has noticed up its own Rule 12(b)(6) motion to dismiss Count II of the Complaint in this case for presentment on January 23, and counsel for all three parties in the case

are ordered to attend that January 23 presentment so that this Court can enter the dismissal order that has been forecast here and can also rule appropriately on Gateway's motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 21, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHNNY K. MAKO**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 9600 |
| | ) | |
| **BLATT, HASENMILLER, LEIBSKER** | ) | |
| **& MOORE, LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

By way of an attempted response to the motion to dismiss, on limitations grounds, this action brought by Johnny Mako ("Mako") against law firm defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("the Blatt Firm"), Mako's counsel have submitted two opinions in an effort to counter the large number of decisions that the Blatt Firm's memorandum had cited in support of the motion. Neither of those opinions -- Fox v. Citicorp Credit Servs., 15 F.3d 1507 (9th Cir. 1994) or Blakemore v. Pekay, 895 F. Supp. 972 (N.D. Ill. 1995) -- enables Mako to dodge the limitations bullet.

It is quite true that most of the cases that the Blatt Firm has cited in support of the proposition that the one-year limitations clock in a Fair Debt Collection Practices Act ("Act") claim that arises out of a collection lawsuit begins to tick as soon as the allegedly wrongful litigation is filed are district court decisions from this Northern District of Illinois and from other districts around the country. All of those actions other than the Blakemore district court opinion cited by Mako uniformly hold that thereafter maintaining the allegedly wrongful litigation and taking actions during its pendency do not constitute separate or continuing violations of the Act. And it is of course equally true that district court opinions are not precedential -- this Court and

Ex. 1

its colleagues are regularly and properly reminded of that by opinions from our Court of Appeals. That being the case, no "weight of authority" attaches to the opinions cited by the Blatt Firm (though as a common sense matter it seems unlikely that so many District Judges have gone astray).

But one nail that seals shut Mako's figurative limitations coffin is ironically provided by his counsel's attempt to rely on the Ninth Circuit's 1994 Fox opinion. Any such effort, even apart from the fact that the Fox opinion really does not speak to the limitations issue in any meaningful way, is totally torpedoed by that same court's on-all-fours opinion three years later in Naas v. Stolman, 130 F.3d 892 (9th Cir. 1997). That short opinion comes to grips squarely with the limitations issue in the situation now posed by Mako, beginning (id. at 893):

> We have never determined at which point the statute of limitations begins to run when the alleged violation of the Act is the filing of a lawsuit.

After noting (id.) that "other circuit courts have apparently not been called upon to answer the question," Naas went on to look at two District Court cases (including the Blakemore opinion on which Mako attempts to rely) and then concluded with a well-reasoned holding that flatly disagreed with the Blakemore analysis (id.):

> We hold that the statute of limitations began to run on the filing of the complaint in the Municipal Court.

Nor is Mako any better served by the other on-point appellate opinion cited by the Blatt Firm, which Mako has neither sought to distinguish or otherwise contest: Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002). Johnson looked at the timeliness issue and found the filing of a collection lawsuit to be unpersuasive as the starting date for the one-year limitations clock, opting instead for the date of service of that action on the debtor. Here Mako's own Complaint in

this action establishes beyond question that in those terms as well the one-year limitations period bars the present action:

1. Complaint Ex. A, which is a printout of the Circuit Court of Cook County's Electronic Docket Search of the underlying debt collection action by Capital One Bank (represented by the Blatt Firm) against Mako, expressly reflects that he was served with process in that action on October 30, 2013 (15 days after that lawsuit was filed).

2. Mako did not file his Complaint here until December 1, 2014, more than a year later.

In sum, then, it is not simply that the weight of District Court opinions (all of which are nonprecedential in any event) heavily favors the Blatt Firm's position advanced in this case -- it is rather that whichever of the two thoughtful Court of Appeals opinions is found more persuasive, Mako is precluded by time from pursuing this action. This Court need not prognosticate whether our own Court of Appeals would adopt the Naas position or the Johnson position. It is satisfied, though, that in all events the Seventh Circuit would not treat limitations as a kind of rolling concept, under which each step in pursuance of the collection would kick off a new limitations period. Instead Mako's claim is time-barred in either event and must therefore be (and is) dismissed. This action is dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 20, 2015